IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| Applied Knowledge, LLC, a Wyoming limited liability company,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Ability Consultants, Inc., a New York corporation, and Roger Boswarva, an individual and resident of New York state<br><br>　　　　　　Defendant. | Civil Action No. 7:21-cv-00091<br><br>**Complaint For False Designation of Origin and Unfair Competition Under 15 U.S.C. § 1125(A); Common Law Trademark and Service Mark Infringement; Common Law Unfair Competition and False Advertising; Copyright Infringement; and Federal Trademark Infringement** |

　　　　Plaintiff Applied Knowledge, LLC ("AKL" or "Plaintiff"), for its Complaint avers:

## PARTIES, JURISDICTION AND VENUE

　　　　1.　　This is a civil action arising under: (a) the United States Trademark Act of 1946, as amended, 15 U.S.C. § 1051, et seq. ("Lanham Act"), for trademark infringement, false representations, descriptions and designations of origin, and false advertising; (b) the laws of the State of Texas relating to trademarks, service marks, and unfair competition; and (c) for copyright infringement under 17 U.S.C. §§ 501 et seq.

　　　　2.　　Plaintiff is a Wyoming limited liability company.

　　　　3.　　Plaintiff maintains a principal place of business at 1400 Camp Letoli Road, Saint Jo, TX 76265.

　　　　4.　　On information and belief, Defendant Ability Consultants, Inc. is a New York corporation with offices at 162 W. 13th St., Apt. 1, New York, New York 10011.

　　　　5.　　On information and belief, Defendant Roger Boswarva is a U.S. citizen and resident of New York state.

6. Defendants sell and provide courses and publications on their websites located at least at www.abilityconsultants.com and www.knowledgism-practice-group.org (collectively, "Defendants' Sites") that are the subject of this lawsuit, wherein the materials are available throughout the United States, including in Texas.

7. Defendants use the mark "Knowledgism" on Defendants' Sites to provide course materials that compete with Plaintiff.

8. Defendants use the mark "Alan C. Walter" on Defendants' Sites to provide course materials that compete with Plaintiff.

9. Many of the course materials provided by Defendants are the copyrighted works of Plaintiff.

10. Defendants do not have authorization to use Plaintiff's marks "Knowledgism" or "Alan C. Walter."

11. Defendants do not have authorization to use Plaintiff's copyrighted course materials.

12. Defendants are aware that Plaintiff is located in Saint Jo, Texas.

13. This Court has subject matter jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and the principles of supplemental jurisdiction.

14. This Court has personal jurisdiction over the Defendants at least because the materials giving rise to this lawsuit are offered for sale and made available in Texas, and Defendants has intentionally used marks identical to Plaintiff's "Knowledgism" and "Alan C. Walter" marks, and have copied Plaintiff's copyrighted course materials, and Defendants are aware that Plaintiff resides in this District.

15. Venue is proper under 28 U.S.C. § 1391(b) and (c) because Plaintiff resides in this District, at least some of the events giving rise to the claims alleged herein occurred in this District, and Defendants are subject to personal jurisdiction in this District.

## GENERAL ALLEGATIONS

### Plaintiff's Marks

16. Plaintiff is a provider of, among other things, courses and course materials (collectively, "Products") related to a philosophy called "Knowledgism," which was founded by Alan C. Walter.

17. Alan C. Walter left his entire interest to the rights in the "Knowledgism" mark and Products to Ceil Stanford.

18. Ceil Stanford assigned her rights in the "Knowledgism" mark and Products to Plaintiff.

19. Plaintiff provides its Products in person and sometimes through on-line access.

20. Plaintiff sells its Products using the "Knowledgism" mark.

21. Plaintiff sells its Products using the "Alan C. Walter" mark.

22. True and correct copies of documents showing some of Plaintiff's use of "Knowledgism" and "Alan C. Walter" are attached hereto as collective Exhibit 1.

23. Plaintiff owns U.S. Registration Number 5,284,939, for the mark "Knowledgism," for the following goods: "Digital media, namely, pre-recorded video cassettes, digital video discs, digital versatile discs, downloadable audio and video recordings, DVDs, and high definition digital discs featuring information in the fields of philosophy, spirituality, self-help, and personal empowerment subject matters; downloadable electronic books featuring information in the fields of philosophy, spirituality, self-help, and personal empowerment subject matters; downloadable electronic books and manuals for mobile devices, personal computers, consoles and tablets featuring information in the fields of philosophy, spirituality, self-help, and personal empowerment subject matters"; and for "Printed matter, namely, books and booklets featuring information in the fields of philosophy, spirituality, self-help, and personal empowerment subject matters."

24. A true and correct copy of the United States Patent and Trademark Office summary for U.S. Registration Number 5,284,939 is attached as Exhibit 2.

25. U.S. Registration Number 5,284,939 for "Knowledgism" is *prima facie* evidence of Plaintiff's (a) ownership of the "Knowledgism" mark, (b) the validity of the mark, and (c) Plaintiff's exclusive right to use the mark in United States commerce for the goods listed in the registration. 15 U.S.C. § 1057(b).

26. Plaintiff owns U.S. Registration No. 3,135,530 for "Knowledgism" for the following services: "Educational Services, namely providing seminars and courses in the field of time management and interpersonal skills, and distribution of course material in connection therewith, namely, instructional books, periodicals, bulletins, and brochures; providing online classes via a web page over a global computer information network in the field of time management and interpersonal skills."

27. A true and correct copy of the United States Patent and Trademark Office summary for U.S. Registration Number 3,135,530 is attached as Exhibit 3.

28. U.S. Registration No. 3,135,530 is incontestable and is conclusive evidence of Plaintiff's (a) ownership of the "Knowledgism" mark, (b) the validity of the mark, and (c) Plaintiff's exclusive right to use the mark in United States commerce for the services listed in the registration.

29. As a result of Plaintiff's marketing and use of the "Knowledgism" mark, consumers know, identify and distinguish Plaintiff's Products from the services and products of others by the "Knowledgism" mark.

30. Plaintiff has established goodwill in the "Knowledgism" mark.

31. Plaintiff has developed common-law rights in the "Knowledgism" mark within Texas.

32. Plaintiff owns U.S. Registration No. 4,937,427 for "Alan C. Walter" for the following goods and services: "Digital media, namely, pre-recorded video cassettes, digital video discs, digital versatile discs, downloadable audio and video recordings,

DVDs, and high definition digital discs all containing matter pertaining to the fields of philosophy, spirituality, self-help, and personal empowerment subject matters; downloadable electronic books of matter pertaining to the fields of philosophy, spirituality, self-help, and personal empowerment subject matters; downloadable electronic books and manuals for mobile devices, personal computers, consoles and tablets in the fields of philosophy, spirituality, self-help, and personal empowerment subject matters," and for "Printed matter, namely, books and booklets pertaining to the fields of philosophy, spirituality, self-help, and personal empowerment subject matters," and for "Educational services, namely, conducting courses, coaching, processing, workshops, on-line classes and seminars pertaining to the fields of philosophy, spirituality, self-help, and personal empowerment subject matters; providing a web site featuring information, non-downloadable audios and videos pertaining to the fields of philosophy, spirituality, self-help, and personal empowerment subject matters."

33. A true and correct copy of the United States Patent and Trademark Office summary for U.S. Registration Number 4,937,427 is attached as Exhibit 4.

34. U.S. Registration Number 4,937,427 is *prima facie* evidence of Plaintiff's (a) ownership of the "Alan C. Walter" mark, (b) the validity of the mark, and (c) Plaintiff's exclusive right to use the mark in United States commerce for the goods and services listed in the registration. 15 U.S.C. § 1057(b).

35. As a result of Plaintiff's marketing and use of the "Alan C. Walter" mark, consumers know, identify and distinguish Plaintiff's Products from the services and products of others by the "Alan C. Walter" mark.

36. Plaintiff has established goodwill in the "Alan C. Walter" mark.

37. Plaintiff has developed common-law rights in the "Alan C. Walter" mark within Texas.

## Plaintiff's Copyright Rights

### Vital Fundamentals of Life Processing Course – 1 ("Course 1")

38. Plaintiff is the owner of the Vital Fundamentals of Life Processing Course – 1 ("Course 1").

39. Course 1 is registered as U.S. Copyright Registration No. TX0008951044, which has an effective registration date of March 21, 2021.

40. A true and correct copy of the copyright registration certificate referenced in the preceding paragraph is attached hereto as Exhibit 5.

41. Plaintiff is the owner of the Products and Copyright Registration for Course 1.

### Vital Fundamentals of Life Processing Course – 2 ("Course 2")

42. Plaintiff is the owner of the Vital Fundamentals of Life Processing Course – 2 ("Course 2").

43. Course 2 is registered as U.S. Copyright Registration No. TX0008951041, which has an effective registration date of March 21, 2021.

44. A true and correct copy of the copyright registration certificate referenced in the preceding paragraph is attached hereto as Exhibit 6.

45. Plaintiff is the owner of the Products and Copyright Registration for Course 2.

### Vital Fundamentals of Life Processing Course – 3 ("Course 3")

46. Plaintiff is the owner of the Vital Fundamentals of Life Processing Course – 3 ("Course 3").

47. Course 3 is registered as U.S. Copyright Registration No. TX0008951032, which has an effective registration date of March 21, 2021.

48. A true and correct copy of the copyright registration certificate referenced in the preceding paragraph is attached hereto as Exhibit 7.

49. Plaintiff is the owner of the Products and Copyright Registration for Course

3.

### Vital Fundamentals of Life Processing Course – 4 ("Course 4")

50. Plaintiff is the owner of the Vital Fundamentals of Life Processing Course – 4 ("Course 4").

51. Course 4 is registered as U.S. Copyright Registration No. TX0008951049, which has an effective registration date of March 21, 2021.

52. A true and correct copy of the copyright registration certificate referenced in the preceding paragraph is attached hereto as Exhibit 8.

53. Plaintiff is the owner of the Products and the Copyright Registration for Course 4.

### Vital Fundamentals of Life Processing Course – 5 ("Course 5")

54. Plaintiff is the owner of the Vital Fundamentals of Life Processing Course – 5 ("Course 5").

55. Course 5 is registered as U.S. Copyright Registration No. TX0008951047, which has an effective registration date of March 21, 2021.

56. A true and correct copy of the copyright registration certificate referenced in the preceding paragraph is attached hereto as Exhibit 9.

57. Plaintiff is the owner of the Products and Copyright Registration for Course 5.

### Defendant's Unauthorized Uses

58. Defendants are competitors of Plaintiff.

59. Defendants provide Plaintiff's copyrighted Products on its website located at www.knowledgism-practice-group.org .

60. Defendants sell Plaintiff's copyrighted Products.

61. Defendants reproduce Plaintiff's copyrighted Products.

62. Defendants display Plaintiff's copyrighted Products.

63. Defendants are not authorized to reproduce, sell or display Plaintiff's

copyrighted Products.

64. Defendants use the "Knowledgism" mark in their domain name www.knowledgism-practice-group.org and on Defendants' Sites on which they provide, without authorization, Plaintiff's copyrighted Products and/or competing products.

65. Defendants use the "Alan C. Walter" mark on Defendants' Sites on which they provide, without authorization, Plaintiff's copyrighted Products and/or competing products.

66. Plaintiff has tried unsuccessfully to resolve this matter informally through emails with Defendant Roger Boswarva and by leaving phone messages for Defendant Roger Boswarva.

67. Defendants have actual notice of Plaintiff's ownership of the "Knowledgism" marks.

68. Defendants are promoting and advertising Products identical to those of Plaintiff utilizing the "Knowledgism" mark.

69. Defendants have actual notice of Plaintiff's ownership of the "Alan C. Walter" mark.

70. Defendants are promoting and advertising Products identical to those of Plaintiff utilizing the "Alan C. Walter" mark.

71. Defendants have actual notice of Plaintiff's ownership of its copyrights.

## COUNT ONE

### (False Designation of Origin and Unfair Competition Under 15 U.S.C. § 1125(a))

72. Plaintiff hereby incorporates by reference all previous allegations of this Complaint as if specifically set forth herein.

73. As a result of Plaintiff's use of the "Knowledgism" marks in connection with its Products, Plaintiff has developed enforceable rights and goodwill in the "Knowledgism" marks.

74. Defendants have used and continue to use the term "Knowledgism" in a manner likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, sponsorship, approval or association of Defendants with Plaintiff or Plaintiff's Products, and/or is likely to create confusion as to the origin of Plaintiff's and/or Defendants' Products in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

75. On information and belief, Defendants intend to continue to trade upon the goodwill and consumer recognition associated with the "Knowledgism" marks.

76. Defendants have caused a likelihood of customer confusion as to the source of origin or relationship of Plaintiff's and Defendants' Products, and have otherwise competed unfairly with Plaintiff.

77. Defendants' past and ongoing harm of Plaintiff is irreparable, continuing to the present and foreseeable future, and is a serious and unmitigated hardship.

78. As a direct and proximate cause of Defendants' conduct, Plaintiff has been damaged in an amount not totally ascertainable and will continue to suffer irreparable injury to its goodwill, its rights and to its business, unless and until Defendants and others in active concert are restrained from continuing their wrongful acts.

79. Defendants' actions complained of herein are willful with an intent to deceive relevant consumers.

## COUNT TWO
### (Common Law Trademark Infringement and Unfair Competition)

80. Plaintiff incorporates by reference all previous allegations of this Complaint as if specifically set forth herein.

81. As a result of Plaintiff's use of the "Knowledgism" marks in connection with Products, Plaintiff has developed enforceable rights and goodwill in the "Knowledgism" mark in the state of Texas.

82. Defendants have used and continue to use the term "Knowledgism" in a manner likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, sponsorship, approval or association of Defendants with Plaintiff or Plaintiff's Products, and/or is likely to create confusion as to the origin of Plaintiff's and/or Defendants' Products in violation of Texas common law.

83. On information and belief, Defendants intend to continue to trade upon the goodwill and consumer recognition associated with the "Knowledgism" marks.

84. Defendants have caused a likelihood of customer confusion as to the source of origin or relationship of Plaintiff's and Defendants' Products, and have otherwise competed unfairly with Plaintiff.

85. Defendants' past and ongoing harm of Plaintiff is irreparable, continuing to the present and foreseeable future, and is a serious and unmitigated hardship.

86. As a direct and proximate cause of Defendants' conduct, Plaintiff has been damaged in an amount not totally ascertainable and will continue to suffer irreparable injury to its goodwill, its rights and to its business, unless and until Defendants and others in active concert are restrained from continuing their wrongful acts.

87. Defendants' actions complained of herein are willful with an intent to deceive relevant consumers.

## COUNT THREE

### (False Designation of Origin and Unfair Competition Under 15 U.S.C. § 1125(a))

88. Plaintiff hereby incorporates by reference all previous allegations of this Complaint as if specifically set forth herein.

89. As a result of Plaintiff's use of the "Alan C. Walter" mark in connection with Products, Plaintiff has developed enforceable rights and goodwill in the "Alan C. Walter" mark.

90. Defendants have used and continue to use the mark "Alan C. Walter" in a manner likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, sponsorship, approval or association of Defendants with Plaintiff or Plaintiff's Products, and/or is likely to create confusion as to the origin of Plaintiff's and/or Defendants' Products in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

91. On information and belief, Defendants intend to continue to trade upon the goodwill and consumer recognition associated with the "Alan C. Walter" mark.

92. Defendants have caused a likelihood of customer confusion as to the source of origin or relationship of Plaintiff's and Defendants' Products, and have otherwise competed unfairly with Plaintiff.

93. Defendants' past and ongoing harm of Plaintiff is irreparable, continuing to the present and foreseeable future, and is a serious and unmitigated hardship.

94. As a direct and proximate cause of Defendants' conduct, Plaintiff has been damaged in an amount not totally ascertainable and will continue to suffer irreparable injury to its goodwill, its rights and to its business, unless and until Defendants and others in active concert are restrained from continuing their wrongful acts.

95. Defendants' actions complained of herein are willful with an intent to deceive relevant consumers.

## COUNT FOUR
### (Common Law Trademark Infringement and Unfair Competition)

96. Plaintiff incorporates by reference all previous allegations of this Complaint as if specifically set forth herein.

97. As a result of Plaintiff's use of the "Alan C. Walter" mark in connection with Products, Plaintiff has developed enforceable rights and goodwill in the "Alan C. Walter" mark in the state of Texas.

98. Defendants have used and continue to use the term "Alan C. Walter" in a manner likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, sponsorship, approval or association of Defendants with Plaintiff or Plaintiff's Products, and/or is likely to create confusion as to the origin of Plaintiff's and/or Defendants' Products in violation of Texas common law.

99. On information and belief, Defendants intend to continue to trade upon the goodwill and consumer recognition associated with the "Alan C. Walter" mark.

100. Defendants have caused a likelihood of customer confusion as to the source of origin or relationship of Plaintiff's and Defendants' Products, and have otherwise competed unfairly with Plaintiff.

101. Defendants' past and ongoing harm of Plaintiff is irreparable, continuing to the present and foreseeable future, and is a serious and unmitigated hardship.

102. As a direct and proximate cause of Defendants' conduct, Plaintiff has been damaged in an amount not totally ascertainable and will continue to suffer irreparable injury to its goodwill, its rights and to its business, unless and until Defendants and others in active concert are restrained from continuing their wrongful acts.

103. Defendants' actions complained of herein are willful with an intent to deceive relevant consumers.

## COUNT FIVE
### (Copyright Infringement)

104. Plaintiff incorporates by reference all previous allegations of this Complaint as if specifically set forth herein.

105. This is an action for copyright infringement under the Copyright Act, 17 U.S.C. §§ 501, *et seq*.

106. Plaintiff is the owner of the copyrights and Products set forth in Exhibits 5-14 to this Complaint.

107. Each of Products referenced in the preceding paragraph contain copyrightable subject matter under 17 U.S.C. §§ 101, *et seq*.

108. Plaintiff has obtained United States copyright registration certificates for each of the Products shown in Exhibits 6, 8, 10, 12, and 14.

109. Defendants' deliberate copying, reproducing, displaying, and selling of Plaintiff's Products infringes Plaintiff's copyrights in violation of 17 U.S.C. § 501(a).

110. Defendants are directly infringing Plaintiff's exclusive right to reproduce copies, make derivative works, distribute copies, and display images under 17 U.S.C. §§ 106(1)–(3), (5).

111. Upon information and belief, Defendants infringement has been willful and deliberate.

112. Defendants, by their actions, have damaged Plaintiff in an amount to be determined at trial.

113. Defendants, by their actions, have irreparably injured Plaintiff. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

## COUNT SIX
### (Trademark Counterfeiting Under 15 U.S.C. § 1116)

114. Plaintiff incorporates by reference all previous allegations of this Complaint as if specifically set forth herein.

115. Plaintiff's marks "Knowledgism" and "Alan C. Walter" are federally registered.

116. Defendants are without authorization using Plaintiff's marks "Knowledgism" and "Alan C. Walter."

117. Defendants provide some of the same Products as Plaintiff.

118. Defendants use the marks "Knowledgism" and "Alan C. Walter" to promote their products.

119. Defendants have actual knowledge of Plaintiff's marks and federal registrations.

120. Defendants are liable for trademark counterfeiting.

## COUNT SEVEN

### (Copyright Counterfeiting Under 17 U.S.C. § 507)

121. Plaintiff incorporates by reference all previous allegations of this Complaint as if specifically set forth herein.

122. Many of Plaintiff's Products are protected by copyright registrations.

123. Defendants are without authorization using Plaintiff's copyrighted Products.

124. Defendants provide some of the same Products as Plaintiff.

125. Defendants have actual knowledge of Plaintiff's copyright registrations and ownership of the Products.

126. Defendants are liable for copyright counterfeiting.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief against Defendants as follows:

A. For a temporary restraining order, and preliminary and permanent injunction pursuant to 15 U.S.C. § 1116, 17 U.S.C. § 502, and state common-law remedies restraining Defendants, their agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise from doing, abiding, causing, aiding or abetting any of the following:

   (1) in any way using or displaying the term "Knowledgism" (one word or two, hyphenated, singular or plural, or whether used with other terms) or any confusingly similar mark in connection with the

                provision of Products or any similar products or services;

      (2)    otherwise infringing the "Knowledgism" mark;

      (3)    in any way using or displaying the term "Alan C. Walter" (whether or not used with other terms) or any confusingly similar mark in connection with the provision of Products or any similar products or services;

      (4)    otherwise infringing the "Alan C. Walter" mark;

      (5)    displaying, reproducing, selling, providing, or offering Plaintiff's Products;

      (6)    competing unfairly with Plaintiff in any manner.

B. That Defendants be directed to account and pay to Plaintiff all damages suffered by Plaintiff as a result of Defendants' wrongful conduct described herein pursuant to 15 U.S.C. § 1117, 17 U.S.C. § 504, and state law, as well as to account for all gains, profits and advantages derived by such wrongful conduct.

C. That such damages caused by Defendants trademark infringement be trebled in accordance with 15 U.S.C. § 1117 because their infringement of the "Knowledgism" and "Alan C. Walter" marks is willful and warrants enhanced damages.

D. That Defendants be directed to pay damages for trademark counterfeiting in an amount of $2 million per registered mark, or $6 million total, because their counterfeiting is willful.

E. That Defendants be directed to pay damages for copyright counterfeiting in an amount of $150,000 per counterfeited Product because their counterfeiting is willful.

F. That Plaintiff be awarded punitive damages under state law as the Court may find appropriate because Defendants' infringement is willful and intentional.

G. That Plaintiff be awarded its attorneys' fees and costs incurred herein under the provisions of 15 U.S.C. § 1117 because this is an exceptional case.

H. That Plaintiff be awarded its damages and Defendants' profits under 17 U.S.C. § 504, as well as enhanced damages pursuant to 17 U.S.C. § 504.

I. That Plaintiff be awarded post-judgment interest on the foregoing sums at the maximum rate permitted by law from the date judgment is entered until paid.

J. For such other and further relief as the Court deems appropriate under the circumstances.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  September 24, 2021                                  Respectfully submitted,

ALTMAN LEGAL GROUP.

By: *s/Brad Altman*
**William K Altman**
State Bar No. 01122000
**Philip "Brad" Altman**
State Bar No. 00796120
2525 Kell Boulevard, Suite 500
Wichita Falls, Texas 76308
Telephone:  940.761.4000

Attorneys for Plaintiff
Applied Knowledge, LLC